**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT MCMILLEN,** *et al.*, | : | |
| | : | **Case No. 2:13-CV-00738** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Preston Deavers** |
| **RESURGENT CAPITAL SERVICES, L.P.,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant Resurgent Capital Services, L.P.'s Motion to Dismiss. (Doc. 5). Plaintiffs Robert and Nancy McMillen bring claims under the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"); Defendant moves to dismiss both claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth herein, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

## II. BACKGROUND

Plaintiffs are the owners and obligors of a note and mortgage executed on June 30, 2005 for the purpose of financing residential property. (Doc. 1, ¶13; *see also* Doc. 1-1, 1-2). This mortgage was then, and is now, serviced by Defendant. (Doc. 1, ¶ 16). Around June 20, 2013, Plaintiffs sent multiple letters to Resurgent seeking information about their account. (Doc. 1, ¶ 17; Doc 1-3, 1-4). Plaintiffs allege that one of these letters constituted a "Qualified Written Request" ("QWR") under RESPA. Plaintiffs further allege that another letter requested the name, address, and telephone number of the owner of their obligation, the failure to respond to which constitutes an actionable violation of TILA. Plaintiffs claim that by not properly

responding to these requests, Defendant is in violation of the RESPA, 12 U.S.C. § 2605(e)(2), and TILA, 15 U.S.C. § 1639(g) and § 1641(f)(2).

Defendant does not concede that a proper QWR was sent, or that their response was in any way deficient, but moves to dismiss the RESPA claim on the grounds that Plaintiffs have not sufficiently pleaded "actual damages." Defendant further moves to dismiss the TILA claim as improper: Defendant argues that a TILA claim can be brought only "against creditors or their assignees," and that as a "mere servicer," TILA does not apply. (Doc. 5 at 7) (quoting *Mourad v. Homeward Residential, Inc.*, 517 F. App'x. 360, 364 (6th Cir. 2013)).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must

contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## IV. ANALYSIS
### A. RESPA Claim

Defendant argues that Plaintiffs do not properly plead the "actual damages" necessary for

a RESPA claim to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Defendant asserts that

Plaintiffs fail to plead "actual damages," because they fail to plead damages that are "the result

of" an allegedly deficient QWR response.  (Doc 5 at 3-4); *see BAC Home Loans Servicing LP v.*

*Fall Oaks Farm, LLC*, 848 F. Supp. 2d 818, 830 (S.D. Ohio 2012); *Webb v. Chase Manhattan*

*Mortgage Corp.*, No. 2:05-CV-0548, 2008 WL 2230696, at *14-15 (S.D. Ohio May 28, 2008).

Defendant, furthermore, relies on *Webb* to argue that the cost of sending a QWR can

never constitute "actual damages . . . as a result of the failure" on the part of the servicer because

the costs were necessarily incurred before the allegedly deficient QWR was sent in response.

*See* 12 U.S.C. § 2605(f)(1)(A); *Webb*, 2008 WL 2230696, at *14.  Defendant also maintains that,

even if the cost of sending the QWR were to constitute "actual damages" under RESPA,

Plaintiffs do not plead damages specific enough to meet the pleading standard because they did

not include the specific associated costs.  (Doc. 5 at 5-6).

Plaintiffs respond that recent Sixth Circuit decisions have effectively lowered the

pleading standard for "actual damages" under RESPA.  (Doc. 7 at 6-7).  Accordingly, Plaintiffs

conclude that they have properly pleaded a RESPA claim.

The intent of Congress in enacting RESPA was "to insure that consumers throughout the

Nation are provided with greater and more timely information on the nature and costs of the

settlement process and are protected from unnecessarily high settlement charges caused by

certain abusive practices that have developed in some areas of the country." *Marais v. Chase*

*Home Finance, LLC*, No. 2:11-CV-314, 2014 WL 2515474, at *5 (S.D. Ohio, June 4, 2014) (quoting *Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 923 (6th Cir. 1980)).

The RESPA section relevant to this case outlines the limited damages that are to be awarded to a plaintiff as the result of a servicer's violation. A servicer who fails to comply is liable to the borrower in the following amounts:

(A) any actual damages to the borrower as a result of the failure; and
(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C. § 2605(f)(1).

In order for a claim under RESPA to survive a motion to dismiss, Plaintiffs must show beyond a speculative level "*actual damages* to the borrower *as a result of* the failure" on the part of the servicer to respond properly. 12 U.S.C. § 2605(f)(1)(A) (emphasis supplied). Previously, this Court held that the cost of sending a QWR could not constitute damages under RESPA because the costs were incurred before the RESPA violation occurred and, therefore, could not be "as a result of" the violation. *Tsakanikas v. JP Morgan Chase Bank N.A.*, No. 2:11-CV-888, 2012 WL 6042836, at *3 (S.D. Ohio Dec. 4, 2012); *see also Webb,* 2008 WL 2230696, at *14.

Defendant, however, relies on precedent that is no longer applicable in this Court or this Circuit. Recently, this Court revisited the meaning of actual damages when the Sixth Circuit required the Court, on remand, to consider the plaintiff's argument that "those costs [of the QWR] were for naught due to defendant's deficient response, *i.e.*, her QWR expenses *became actual damages* when [the defendant] ignored its statutory duties to adequately respond." *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 721 (6th Cir. 2013) (emphasis supplied). On remand, the District Court concluded that "actual damages" under RESPA may include "all expenses, costs, fees, and injuries fairly attributable to [defendant's] failure to respond

appropriately to the QWR, even if incurred before the failure to respond." *Marais v. Chase Home Finance, LLC*, 2014 WL 2515474, at *13 (S.D. Ohio, June 4, 2014). This Court specifically held that while the cost of submitting the QWR was, at the time incurred, incidental to correcting and obtaining information on the plaintiff's account, those costs *became* damages when the mortgage servicer failed to perform under its statutory obligations. *Id.* Therefore, where the borrower incurs costs as the result of submitting a QWR but effectively receives no benefit, due to a servicer's non-trivial violation of 12 U.S.C. § 2605(e)(2), those costs may become "actual damages" under 12 U.S.C. § 2605(f)(1)(A).

Defendant's additional assertion that Plaintiffs failed to plead damages properly, even if the cost of a QWR could be deemed "actual damages," also ignores recent Sixth Circuit decisions. In *Mellentine*, the Court of Appeals held that a pleading did indeed meet the standard necessary to survive a motion to dismiss where the complaint properly alleged a violation of RESPA, that Defendant failed to respond within the time allowed per § 2605(e), and damages associated with that violation "in an amount not yet ascertained, to be proven at trial." *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x. 419, 424-425 (6th Cir. 2013). In another recent case, the Sixth Circuit held that there was a "genuine issue of material fact" as to whether the plaintiff suffered damages as a result of the defendant's RESPA violation where the plaintiff pleaded that she "had suffered 'stress, mental anguish, embarrassment, and humiliation' because of [the defendant's] violation, and not merely because of the foreclosure." *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, 505 F. App'x., 543, 548 (6th Cir. 2012).

In the present case, the McMillen's plead damages to be determined at trial. These costs are associated with preparing and submitting the QWR, such as time and effort spent and expenses accrued, including "preparing, photocopying, sending the QWR via certified mail, and

obtaining all copies of the correspondence," as well as emotional distress due to anxiety related to "their actual loan balance and whether foreclosure would occur." (Doc. 1, ¶¶ 39- 41). Taking the facts that Plaintiffs present as true, Plaintiffs have adequately pleaded "actual damages" under RESPA sufficient to survive a motion to dismiss.

## B. TILA Claim

Defendant argues that as a "loan servicer," and not a "creditor" or "assignee," TILA does not apply. (Doc. 5, p. 7). Defendant relies on *Mourad*, where the Sixth Circuit held that the grant of defendant's motion to dismiss was proper because an "action under TILA can be brought only against creditors or their assignees." *Mourad v. Homeward Residential, Inc.*, 517 F. App'x. 360, 364 (6th Cir. 2013) (citing 15 U.S.C. §§ 1640-1641). Defendant, furthermore, notes that Plaintiffs plainly identify Defendant only as a "servicer" in their Complaint. (Doc. 5, p. 7) (*see* Doc. 1, ¶¶ 9, 11).

Plaintiffs counter that Congress meant for TILA to be "liberally construed in order to effectuate the purpose of the statute – to enforce strict compliance by lenders in order to avoid uninformed use of credit on a societal level," and that therefore consumers have a private right of action to enforce 15 U.S.C. § 1641(f)(2) against servicers. (Doc. 7, at 7, 8) (citing *Weeden v. Auto Workers Credit Union, Inc.*, 173 F.3d 857, at *4 (6th Cir. Mar. 19, 1999) (per curiam)). Plaintiffs maintain that if consumers have no private right of action to enforce § 1641(f)(2) against servicers, the consumers' only recourse would be to bring action against the creditor, which is often the entity that the consumer is unable to identify due to a failure on the part of the servicer to respond to the initial request.

The Sixth Circuit has consistently held that "a TILA action may not be maintained against a mere servicer." *Marais*, 736 F.3d at 716 (affirming dismissal of plaintiff's TILA claim on the grounds that defendant was only a "servicer" of plaintiff's mortgage, not a "creditor" or

6

"assignee"); *see also Mourad*, 517 F. App'x. at 364.  The Sixth Circuit only recently had occasion to address the more specific issue of whether § 1641(f)(2) can be enforced against a servicer through a private cause of action.  The court in *Marais* affirmed the district court's dismissal of plaintiff's TILA claim because the plaintiff alleged "only that [defendant] was a servicer," and as such cannot be held liable.  *Marais*, 736 F.3d at 718-19.  In doing so, the court reaffirmed that a TILA action cannot be maintained against a mere servicer.  *Id.* at 716.

Civil liability under TILA, as outlined in § 1640(a), denotes creditors, not servicers, as the party liable for violations. Furthermore, § 1641(f)(1) clarifies that:

> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee or such obligation for purposes of this section unless the servicer is or was the owner of the obligation.

15 U.S.C. § 1641(f)(1).  Had the intent of Congress been to allow a private right of action enforcing § 1641(f)(2) against servicers, the word "servicer" could have been added under the TILA's civil liability provision, § 1640(a).  *See Marais*, 736 F.3d at 717; *see also Kelly v. Fairon & Associates*, 832 F. Supp. 2d 1157, 1162 (D. Minn. 2012).

The Ninth Circuit has reached a similar conclusion when confronting this issue.  That court looked for guidance to the House Report for the amendments that added subsection (f) to § 1641.  *See Gale v. First Franklin Loan Services*, 701 F.3d 1240, 1245 (9th Cir. 2012).  The House Report explained that in response to consumer lawsuits against mortgage loan servicers claiming that the servicer is an assignee of the creditor, and therefore liable under TILA, "[t]his provision clarifies that the loan servicer . . . is not an 'assignee' under TILA unless the servicer is the owner of the loan obligation."  *Id.* (quoting H.R. Rep. No. 104-193, at 99 (1995)).

There is no evidence that Defendant is anything other than a "mere servicer."  Plaintiffs do not allege that Defendant is a "creditor" or "assignee," but indeed refer to Defendant as a

"servicer" throughout the Complaint.  (Doc. 1, ¶¶ 9, 11, 16, 26).  Accordingly, an action under

TILA may not be maintained against Defendant Resurgent.

## IV. CONCLUSION

Plaintiffs have successfully stated a claim upon which relief can be granted against

Defendant under RESPA.  Plaintiffs have failed, however, to state a claim against Resurgent

under TILA.  Accordingly, for the reasons stated above, Defendant's Motion to Dismiss (Doc. 5)

is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**


   **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**


**DATE:  July 8, 2014**